IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARYLYNN REYNOLDS, | CASE NO. 5:14-cv-01772 EJD |
| Plaintiff(s), | **ORDER TO SHOW CAUSE** |
| v. | |
| PATRICK STOKES, et. al., | |
| Defendant(s). | |

Plaintiff Marylynn Reynolds ("Plaintiff"), proceeding pro se, filed the instant action stemming from a discovery dispute in a state court medical malpractice case. She says that the defendant attorneys tampered with her expert witness and deceived the state court judge into issuing certain orders. She also claims that the attorneys harassed her into producing documents she claims they already had in their possession. As is its obligation, the court has reviewed the complaint and has determined Plaintiff's allegations are insufficient to support federal subject matter jurisdiction.[1]  Accordingly, the court issues the instant Order to Show Cause to clarify the issue.

Plaintiff asserts that the court has federal question jurisdiction over her claims. Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of

---

[1] "[F]ederal courts have a continuing, independent obligation to determine whether subject matter jurisdiction exists." Mashiri v. Dep't of Educ., 724 F.3d 1028, 1031 (9th Cir. 2013) (per curiam). For this reason, "a court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action, even on appeal." Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002).

the United States." 28 U.S.C. § 1331.  A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal claim for relief.  Vaden v. Discovery Bank, 556 U.S. 49, 59-60 (2009).  Plaintiff's complaint, however, contains no basis for any federal claim.  She asserts a claim for "obstruction of justice" under 18 U.S.C. §§ 1501-1517 and for alleged violation of 18 U.S.C. § 242.  But, these are criminal statutes for which she has no private right of action.  See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) ("Appellant also claimed relief under 18 U.S.C. §§ 241 and 242.  These criminal provisions, however, provide no basis for civil liability."); Najarro v. Wollman, No. C12-01925 PJH, 2012 WL 1945502 at *3 (N.D. Cal. May 30, 2012) ("The claims of 'obstruction of laws,' 'obstruction of justice,' and 'perjury' are dismissed because there is no private right of action for any of those claims.").

To the extent the complaint indicates that Plaintiff intends to assert claims against the state judge in connection with the issuance of orders and the adjudication of the underlying state court action, the doctrine of judicial immunity forecloses any such claim.  See Aldabe, 616 F.2d at 1091 (citing Stump v. Sparkman, 435 U.S. 349, 356 (1978); Pierson v. Ray, 386 U.S. 547, 554-55 (1967)).  Generally, a party may challenge a state court's rulings "only via appeal, not by suing the judges."  In re Thomas, 508 F.3d 1225, 1227 (9th Cir. 2007).

Plaintiff also requests that this court vacate the state court's order and judgment pursuant to Fed. R. Civ. P. 60(b) for alleged "fraud upon the Court" and "extrinsic fraud."  (Dkt. 1 at 6).  But, under the Rooker-Feldman doctrine, a federal district court lacks jurisdiction to review the final determinations of a state court in judicial proceedings.  Noel v. Hall, 341 F.3d 1148, 1154 (9th Cir. 2003).

Plaintiff does not assert diversity jurisdiction, and this court does not find any basis for it anyway.  Federal district courts have jurisdiction over civil actions in which the matter in controversy exceeds the sum or value of $75,000 (exclusive of interest and costs) and is between citizens of different states.  28 U.S.C. §1332.  Plaintiff claims that she is entitled to millions of dollars in damages.  But, all indications are that there is no diverse citizenship in any event.

Since federal jurisdiction does not arise based on the complaint, the court orders Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction.  If Plaintiff

2
CASE NO. 5:14-cv-01772 EJD
ORDER TO SHOW CAUSE

does not, **by September 9, 2014**, demonstrate in writing the basis for this court's subject matter jurisdiction in a manner consistent with the discussion above, the court will dismiss this action without prejudice. See <u>Freeman v. Oakland Unified Sch. Dist.</u>, 179 F.3d 846, 847 (9th Cir. 1999).

**IT IS SO ORDERED.**

Dated:  August 25, 2014

_____
EDWARD J. DAVILA
United States District Judge

CASE NO. 5:14-cv-01772 EJD
ORDER TO SHOW CAUSE